NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0658n.06

No. 14-4226

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 28, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GUSTAVO QUINTERO-SORIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  BOGGS, SUTTON, and STRANCH, Circuit Judges.

PER CURIAM.  Gustavo Quintero-Soria petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Quintero-Soria is a native and citizen of Mexico.  He first entered the United States in 1999.  In 2011, Quintero-Soria filed an application for asylum, withholding of removal, and relief under the CAT, alleging that, if removed from the United States, he would be persecuted or tortured by members of drug cartels because of his association with the Caro Payan family in Mexico.  The IJ denied Quintero-Soria relief, and the BIA affirmed the IJ's decision.

On appeal, Quintero-Soria argues that the IJ and BIA erred in the following ways:  (1) by concluding that his testimony was not credible; (2) by concluding that the Caro Payan family did not constitute a particular social group for purposes of asylum and withholding of removal; (3) by concluding that he failed to establish entitlement to asylum, withholding of removal, and

relief under the CAT; (4) by failing to take administrative notice of a United States State Department country report from 2011 showing that drug cartels commit violence throughout Mexico; and (5) by requiring him to submit newspaper articles to corroborate his testimony that members of the Caro Payan family were murdered. Quintero-Soria also argues that the IJ denied him due process by prejudging his case.

Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions de novo and factual findings and credibility determinations for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial-evidence standard, administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)).

Based on the discrepancies between Quintero-Soria's hearing testimony and his written application for relief, substantial evidence supports the BIA's conclusion that he failed to testify credibly. First, Quintero-Soria testified that the Caro Payan family was involved in organized crime and drug trafficking, but failed to include that information in his application. *See Liti v. Gonzales*, 411 F.3d 631, 637 (6th Cir. 2005). Second, Quintero-Soria's application stated that his employer, the employer's son, and two brothers had been murdered by a rival cartel due to their membership in the Caro Payan family. However, he later testified that he did not know whether the cartel had murdered any brothers and stated: "It is possible that I am mistaken in my testimony." Third, the fact that he twice returned to Mexico voluntarily and remained there for weeks without incident undermines Quintero-Soria's testimony that he fears grave danger in that country. *Cf. Gulezian v. Mukasey*, 290 F. App'x 888, 894 (6th Cir. 2008) (finding substantial

evidence for adverse credibility finding where asylum applicants "waited until [their son] finished school to leave Egypt" and "waited for [another family member] to pass away before departing Egypt" because "if they were [truly] persecuted, they would have left Egypt sooner").

Moreover, Quintero-Soria testified that he had never been arrested but later reversed his story, stating that although he had been arrested in the United States, he did not understand the nature of the interaction with police. And though Quintero-Soria stated in his application that he worked for the Caro Payan family from 1986 to 1998, he later testified that he began working for the family when he was nine—which would have been in 1983 or 1984. The omission and numerous inconsistencies raise doubts about the credibility of Quintero-Soria's testimony that leave this court unable to conclude that "any reasonable adjudicator would be compelled" to find that Quintero-Soria was credible. *Khozhaynova*, 641 F.3d at 191 (quoting 8 U.S.C. § 1252(b)(4)).

Given the well-supported adverse credibility finding and the lack of any other evidence supporting Quintero-Soria's claim that he personally feared persecution and torture, substantial evidence supports the BIA's determination that Quintero-Soria was ineligible for asylum. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009). And because the BIA's determination that Quintero-Soria was ineligible for asylum is supported by substantial evidence, it follows that substantial evidence also supports the BIA's determination that Quintero-Soria did not satisfy the higher standards for withholding of removal and relief under the CAT. *See Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007).

Quintero-Soria's remaining arguments lack merit. The BIA explicitly considered the 2011 country report and reasonably concluded that its general statements about violence in Mexico were insufficient to show that Quintero-Soria was entitled to relief. And the BIA did not

require Quintero-Soria to submit newspaper articles to corroborate his testimony that members of the Caro Payan family had been murdered. Rather, the BIA properly concluded that he failed to corroborate his claims as to the murders with statements from his wife and sister, which he could have reasonably obtained given that they lived in the United States. *See Abdurakhmanov v. Holder*, 735 F.3d 341, 347 (6th Cir. 2012). Finally, the record does not support Quintero-Soria's assertion that the IJ prejudged his case.

Accordingly, we DENY Quintero-Soria's petition for review.